UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWNTEL MOSES, INDIVIDUALLY AND AS NEXT FRIEND OF D.A., A MINOR | § § § § § § § | |
| VS. | | CIVIL ACTION NO. |
| WAL-MART STORES TEXAS, LLC | | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC ("Defendant"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 152nd Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

## I.
## INTRODUCTION

1. On January 11, 2020, Plaintiff Shawntel Moses, Individually and as Next Friend of D.A., a minor commenced an action in the 152nd Judicial District Court, Harris County, Texas, captioned, Cause No. 2020-09443: *Shawntel Moses, Individually and as Next Friend of D.A., A Minor v. Wal-Mart Stores Texas, LLC*.

2. Plaintiff is seeking personal injury damages allegedly resulting from an incident that occurred on January 2, 2016, at Walmart Store No. 772 (the "Store") in Houston, Texas (the "Incident").

3. On March 9, 2020, Defendant timely filed its Original Answer and Jury Demand.

## II.
## STATEMENT OF GROUNDS FOR REMOVAL

4. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## III.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 152nd Judicial District Court, Harris County, Texas, where this cause was originally filed.[1] A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

6. Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation on February 12, 2020, which is less than 30 days before this removal notice.[2]

## IV.
## VENUE

7. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

---

[1] *See* Plaintiff's Original Petition.
[2] 28 U.S.C. § 1446(b); *see also* Plaintiff's Original Petition.

## V.
## PARTIES

8. According to her Original Petition, Plaintiff is a person residing in Harris County, Texas.[3]

9. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens.[4]

10. Defendant is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart Stores, Inc. The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart Stores, Inc. The principal place of business of Wal-Mart Stores Texas, LLC is Bentonville, Arkansas. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

11. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.[5] The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## VI.

---

[3] *See* Plaintiff's Original Petition.
[4] *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).
[5] 28 U.S.C. §§ 1332, 1441.

**PLAINTIFF'S ALLEGATIONS**

12. Plaintiff asserts that on January 2, 2016, she sustained personal injuries at the Store.[6] More specifically, Plaintiff alleges that while walking through the Store she "slipped/tripped in a substance left standing on the floor."[7] As a result of the fall, Plaintiff states that she "landed forcefully", which caused "severe and extensive injuries to her body."[8]

## VII.
## JURISDICTIONAL BASIS FOR REMOVAL

13. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal.[9]

14. The relevant jurisdictional facts are to be judged as of the time of removal.[10] Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached.[11]

**A.    Amount in Controversy Exceeds $75,000.00.**

15. When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[12] A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the

---

[6] *See* Plaintiff's Original Petition.
[7] *Id.*
[8] *Id.*
[9] *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[10] *Id.* at 1335.
[11] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[12] *Id.* at 881.

jurisdictional minimum.[13] Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy."[14]

16. Here, where Plaintiff has specifically pled a damages amount, it is facially apparent that the amount in controversy exceeds $75,000.[15] In her Original Petition, Plaintiff states that she "seeks monetary relief over $200,000.00 but not more than $1,000,000.00."[16] Plaintiff also intends to conduct Level 2 discovery pursuant to the Texas Rules of Civil Procedure.[17]

17. Plaintiff seeks to recover damages based on past and future: physical pain and suffering, mental anguish, physical impairment, and physical disfigurement.[18] Plaintiff is also seeking damages for future loss of earning capacity, pre- and post-judgment interest, costs of court, and punitive damages.[19]

18. It is evident from a review of Plaintiff's Original Petition that she is seeking compensation exceeding the $75,000.00 threshold.[20] As such, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed.

**B.    Diversity of Citizenship**

19. As set forth, *supra*, Plaintiff is a citizen of the State of Texas, and Defendant is a citizen of the State of Arkansas and the State of Delaware. There are no non-diverse parties present in this action. Defendant has established that complete diversity of citizenship exists between the parties to this action. Therefore, Defendant has satisfied the diversity element of its removal burden.

**VIII.**

---

[13] *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[14] *See Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2–3 (5th Cir. 2002).
[15] *See Gebbia*, 233 F.3d at 881.
[16] *See* Plaintiff's Original Petition.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

## CONCLUSION

20. Based on the foregoing, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## IX.
## PRAYER

WHEREFORE, Defendant WAL-MART STORES TEXAS, LLC prays that this Court find that the above-styled action now pending in the 152nd Judicial District Court, Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

 /s/ John A. Ramirez
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Stephanie B. Donaho
State Bar No. 24055213
Federal ID No. 3028742
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile:  (713) 622-8077
jramirez.atty@bushramirez.com
sdonaho.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey N. Todd
THE TODD LAW GROUP, PLLC
12929 Gulf Freeway, Suite 301
Houston, Texas 77034

                                                                */s/ John A. Ramirez*
                                                                John A. Ramirez