

**Service of Process Transmittal**
02/12/2020
CT Log Number 537186878

| | |
|---|---|
| **TO:** | KIM LUNDY SERVICE OF PROCESS<br>WALMART INC.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Moses Shawntel, Individually and As Next Friend of D.A., a Minor, Pltf. vs. Wal-Mart Stores Texas, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 152nd Judicial District Court Harris County, TX<br>Case # 202009443 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 01/02/2016 - Walmart located at #772 located at 3506 S. Texas 6, Houston, TX 77082 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/12/2020 at 15:54 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey N. Todd<br>The Todd Law Group, PLLC<br>12929 Gulf Freeway, Suite 301<br>Houston, TX 77034<br>832-243-4953 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/13/2020, Expected Purge Date: 02/18/2020<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

EXHIBIT A

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Feb 12, 2020

**Server Name:** chris lawless

**Location:** dallas, TX-DAL

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 202009443 |
| Jurisdiction | TX-DAL |



CAUSE NO. 202009443

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 878158 TRACKING NO: 73724061
EML

| Plaintiff:<br>MOSES, SHAWNTEL (INDIVIDUALLY AND AS NEXT FRIEND OF D A (MINOR))<br>vs.<br>Defendant:<br>WAL-MART STORES TEXAS LLC | In The 152nd<br>Judicial District Court of<br><br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: WAL-MART STORES TEXAS LLC (A FOREIGN CORPORATION) MAY BE SERVED WITH PROCESS BY SERVING THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET #900, DALLAS TX 75201

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on February 11, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on February 12, 2020, under my hand and seal of said court.



Issued at the request of:

TODD, JEFFREY NASH
12929 GULF FREEWAY, SUITE 301
HOUSTON, TX 77034
832-243-4953
Bar Number: 24028048

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: JOSHUA HALL

EML
Tracking Number: 73724061

## CAUSE NUMBER: 202009443

| | |
|---|---|
| PLAINTIFF: MOSES, SHAWNTEL (INDIVIDUALLY AND AS NEXT FRIEND OF D A (MINOR)) | In the 152nd |
| vs. | Judicial District Court of |
| DEFENDANT: WAL-MART STORES TEXAS LLC | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ____. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

_____     By_____
              Affiant                                         Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
                                                    Notary Public

2/11/2020 8:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40724666
By: Joshua Hall
Filed: 2/11/2020 8:56 AM

CAUSE NO. _____

| | | |
|---|---|---|
| SHAWNTEL MOSES, INDIVIDUALLY and As Next Friend of D.A., a Minor Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC., Defendant. | § § | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHAWNTEL MOSES, Individually and As Next Friend of D.A., a Minor, Plaintiff, and complains of WAL-MART STORES TEXAS, LLC. ("Walmart"), Defendant, and for cause would respectfully show unto this Court as follows:

## I.
## Discovery Control Plan

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
## The Parties

2. Plaintiff, SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, is a natural person residing in Harris County, Texas.

3. Defendant, WAL-MART STORES TEXAS, LLC. ("Walmart"), is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 702 SW 8th Street #0555- Tax Dept., Bentonville, State of Arkansas, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

## III.
### Request Pursuant to Rule 28 for Substitution of True Name

4. To the extent that WAL-MART STORES TEXAS, LLC. is conducting business pursuant to a trade name or assumed name, then suit is brought against WAL-MART STORES TEXAS, LLC. pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answer to this suit, that WAL-MART STORES TEXAS, LLC. answer in its correct legal and assumed names.

## IV.
### Jurisdiction and Venue

5. This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6. The amount in controversy is within the jurisdictional limits of this Court.

7. Venue of this action is proper in Harris County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

## V.
### Nature of the Case

8. On January 2, 2016, Plaintiff was shopping at Walmart Supercenter store #772 located at 3506 S. Texas 6, Houston, TX 77082. As Minor Plaintiff was walking through the store, she slipped/tripped in a substance left standing on the floor, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").

## VI.
## Causes of Action

A. *Walmart's Premises Liability*

9. SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10. There can be no question that Plaintiff is an innocent victim in this case. At the time of the Fall, Plaintiff was an invitee of Walmart because she was a customer at Walmart store #772. Because store #772 was open to the public, Walmart extended an invitation to Plaintiff to shop at Walmart for the mutual benefit of both parties. Consequently, Walmart, by and through its employee/agents owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe manner.

11. Walmart was the owner and/or operator of store #772 at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of Plaintiff's damages.

12. The condensation left on the premises of Walmart store #772 posed an unreasonable risk of harm because individuals walking through the store may slip/trip and fall through no fault of their own and severely injure themselves.

13. Walmart, by and through its employee/agents knew or should have known of the dangerous condition of the premises of Walmart store #772 for numerous reasons including, but not limited to:

>    a. Customers notified Walmart of the dangerous condition at store #772 or other Walmart stores of similar design and construction around the country;

b. Walmart agents, servants, or employees actually witnessed accidents caused by the dangerous condition at store #772 or other Walmart stores of similar design and construction around the country;

c. Walmart agents, servants, or employees actually caused the dangerous condition at store #772 or other Walmart stores of similar design and construction around the country;

d. Walmart agents, servants, or employees were involved in the design and construction of the dangerous condition at store #772 or other Walmart stores of similar design and construction around the country;

e. Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #772 or other Walmart stores of similar design and construction around the country;

f. Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #772 or other Walmart stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g. The dangerous condition existed long enough at store #772 or other Walmart stores of similar design and construction around the country that Walmart did or should have discovered it upon reasonable inspection.

14. Walmart breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn Plaintiff of the dangerous condition at store #772. Each of these acts or omissions, taken alone or collectively, amount to premises liability by Walmart and Plaintiff sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to Plaintiff as a result of its premises liability.

### B. *Walmart's Negligence*

15. SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16. At the time of the Fall, Plaintiff was an invitee at Walmart and, as such, Walmart had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17. Walmart, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn Plaintiff of the dangerous condition at store #772. Each of these acts or omissions, taken alone or collectively, amount to negligence by Walmart and Plaintiff sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to Plaintiff as a result of its negligence.

### C. *Walmart's Malicious & Grossly Negligent Conduct*

18. SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19. Walmart acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, Walmart, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of Store #772 to determine if the premises were safe and acted with total disregard for the

circumstances existing at the time. In the alternative, Walmart, by and through its employee/agents failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20. When viewed from the perspective of Walmart at the time of the acts or omissions, the acts or omissions of Walmart involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Moreover, Walmart had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Walmart is liable to Plaintiff for exemplary damages.

## VII.
## Damages

### A. *General Damages of Minor Plaintiff*

21. At the time of the accident made the basis of this suit, Minor Plaintiff was 7 years of age.

22. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

23. From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

> a. The physical pain that Minor Plaintiff has suffered from the date of the accident in question up to the time of trial.

    b.    The mental anguish that Minor Plaintiff has suffered from the date of the accident in question up to the time of trial.

    c.    The damages resulting from the physical impairment suffered by Minor Plaintiff and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

    d.    The loss of any earnings sustained by Minor Plaintiff from the date of the incident in question up to the time of trial.

    e.    The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

24.    From the time of trial of this case, the elements of damages to be considered which Plaintiff will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a.    The physical pain that Minor Plaintiff will suffer in the future beyond the time of trial.

    b.    The mental anguish that Minor Plaintiff will suffer in the future beyond the time of trial.

    c.    The damages resulting from the physical impairment that Minor Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

    d.    The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

    e.    The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

25.    Because of all of the above and foregoing, Plaintiff has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

### B. *Medical Damages of Minor Plaintiff*

26. Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date. Plaintiff here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

### C. *Gross Negligence/Malice*

27. The actions of the Defendant was so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law. Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

### D. *Prejudgment Interest*

28. In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

29. All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

30. SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47(c)

31. Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## XI.
## Request for Disclosure

32. Under Texas Rule of Civil Procedure 194, Plaintiff SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (l).

## XII.
## RULE 193.7 NOTICE

33. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## Prayer

WHEREFORE PREMISES CONSIDERED, SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, as follows:

(a) All actual, consequential, and special damages;

(b) Pre-judgment interest as provided by law;

(c) Punitive damages as provided by law;

(d) Post-judgment interest;

(e) Costs of Court; and,

(f) Such other and further relief, both general and special, legal and equitable, to which SHAWNTEL MOSES Individually and As Next Friend of D.A., a Minor, may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: /s/ *Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone: (832) 243-4953
Telecopier: (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**