United States District Court
Southern District of Texas
**ENTERED**
January 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWNTEL MOSES a/n/f of D.A., a minor, Plaintiff, | § § § § § | CIVIL ACTION NO. 4:20-cv-00882 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| WAL-MART STORES TEXAS LLC, Defendant. | § § § § | |

## OPINION AND ORDER

D.A. was shopping at a Walmart Supercenter in January 2016 with her mother, Shawntel Moses. At the time, D.A. was seven years old. She allegedly sustained "severe and extensive injuries" when she slipped and fell on a substance pooled on the floor. Dkt 1-2 at ¶ 8.

Moses brought this action in Texas state court against Defendant Wal-Mart Stores Texas LLC on behalf of both herself and D.A., alleging premises liability, negligence, gross negligence, and exemplary damages. Dkt 1-2 at ¶¶ 9–20. Wal-Mart removed. Dkt 1. Moses dismissed her individual claims without prejudice. Dkts 2 & 3. Wal-Mart then moved for summary judgment as to the claims brought on behalf of D.A. Dkt 36. That motion was granted in part. This dismissed the claims for common law negligence, gross negligence, and exemplary damages, leaving only the claim for premises liability. Dkt 56.

The case was referred for a settlement conference before Magistrate Judge Sam Sheldon. This Court appointed a guardian *ad litem* for such purpose. Dkt 57. Judge Sheldon later reported that the case didn't settle. Dkt 59.

At status conference on January 25, 2022, the Court found that the potential still exists for a reasonable settlement that's in the best interests of D.A. Dkt 61. A question arose as to whether primary authority to negotiate settlement and enter into an agreement in that respect resided with Shawntel Moses (as the mother of D.A.) or with the appointed guardian *ad litem*. This order follows to specify that appointment as guardian *ad litem* vests authority to negotiate a settlement believed to be in the best interests of D.A. for presentation to and consideration by the Court for approval.

Rule 17(c) of the Federal Rules of Civil Procedure states in relevant part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*. The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The Fifth Circuit holds that this "authorizes and mandates" district courts to appoint a guardian *ad litem* in situations where the interests of the minor's "general representatives" may be in conflict with the interests of the minor. *Gaddis v United States*, 381 F3d 444, 453 (5th Cir 2004); see also FRCP Rule 17(c) & advisory committee notes (noting that 2007 amendments to Rule 17 "are intended to be stylistic only").

But the substantive question of authority to compromise and liquidate claims in litigation isn't simply a question of federal procedural rules. To the contrary, the Fifth Circuit is clear that the law of the minor's domicile presumptively controls the power of the guardian *ad litem* once appointed. *St John Stevedoring Co v Wilfred*, 818 F2d 397, 400 (5th Cir 1987); see also *Villanueva v United States*, 2021 WL 3276168, *1 (SD Tex) (memorandum & recommendation), adopted by 2021 WL 3269767, *1 (SD Tex); *Hickson v City of Carrollton*, 2020 WL 5087781,

2

*2 (ND Tex) (memorandum & recommendation), adopted by 2020 WL 5096680, *1 (ND Tex).

Under Texas law, a guardian *ad litem* "displaces the next friend and becomes the personal representative of the individual subject to a legal disability." *Byrd v Woodruff*, 891 SW2d 689, 705 (Tex App—Dallas 1994, writ denied), citing *Newman v King*, 433 SW2d 420, 421 (Tex 1968); see also *Ford Motor Co v Aguilar*, 2017 WL 541117, *4 (Tex App—Corpus Christi 2017, no pet); *Rodriguez v Maxson*, 2002 WL 31833553, *3 (Tex App—Austin 2002, pet denied). A guardian *ad litem* thus has sole authority "to enter into settlement negotiations and execute settlement agreements" on behalf of the minor, subject to court approval. *Rodriguez*, 2002 WL 31833553 at *4, citing *Grunewald v Technibilt Corp*, 931 SW2d 593, 596 (Tex App—Dallas 1996, writ denied), and *Byrd*, 891 SW2d at 705; see also *Campos v United States*, 2017 WL 7798649, *2 (SD Tex) (memorandum and recommendation), adopted by 2017 WL 7796191, *1 (SD Tex); Rule 44 of Tex Rules of Civil Procedure.

D.A. is a domiciliary of Texas. Dkt 1-2 at ¶ 2. This means that the appointed guardian *ad litem* has full authority to enter into settlement negotiations and to execute a settlement agreement believed to be in the best interests of D.A.

Any such settlement must be submitted to this Court and remains subject to its approval. Should a settlement be reached and so recommended, a hearing will be held at which time any person interested in the well-being of D.A., including her mother, may be heard as to whether the settlement is both reasonable and in the best interests of the minor.

SO ORDERED.

Signed on January 27, 2022, at Houston, Texas.

*[signature: Chas R Eskridge]*
Hon. Charles Eskridge
United States District Judge